JOHN A. CARTER, ET AL., *v.* E. H. NORWOOD'S ADM'R, ET AL.

**Guardian and Ward—Guardian's Defense.**
> A guardian is not liable for the debts contracted by the ward without his knowledge and consent.

**Guardian's Defense.**
> Where a guardian, after the death of his ward, pays the ward's estate to the heirs instead of paying alleged creditors of the ward, he must show in defense that the heirs were entitled to the money and that the claims asserted by the creditors are invalid.

APPEAL FROM LOUISVILLE CHANCERY COURT.

October 20, 1875.

OPINION BY JUDGE PRYOR:

The guardian of E. H. Norwood is attempted to be made liable for monies paid by him after the death of his wards to the heirs of the latter instead of his personal representative. The guardian and heirs are before the court in an action by the administrator to settle

the estate. The question arises whether the funds in the hands of the guardian were liable for the debts contracted by the ward. If not, the guardian, having paid over the money, is entitled to make the defense. The debts, when created, must have been such as would have made the guardian liable therefor out of the ward's estate during the latter's life; and if so, we see no reason why, when sued for this alleged wrongful appropriation, he may not show that the heir was entitled to it as against the claimant. If necessary for the payment of debts, the administrator is entitled to the money; if not, the heir should be allowed to retain it.

The deceased was an infant when these debts were contracted, and had no right to create them without the consent of the guardian. His whole estate consisted of only six hundred dollars. He had been employed as clerk or salesman in one of the leading business houses of the city, and by the influence of his guardian with his employees, his wages were being increased. He became discontented with his position, and contrary to the advice and consent of his guardian, undertook to seek other employment. The appellees, without the consent or authority of the guardian, saw proper to sell the decedent's goods, and now claim and that they were necessaries. The proof shows that they were evidently looking to the wages of the young man to pay their claims upon him. He was able to work and support himself, and the chancellor at no time, contrary to the wishes of the guardian, would have required the latter to surrender the principal of the ward's estate for the purpose of having it invested in clothing. The readiness of appellee to furnish the young man with what he considered the necessaries, was an inducement for him to disregard the advice of his guardian, and enabled him to select his own character of employment.

There is no reason for this judgment against the guardian. He was not liable for the debt prior to the death of the ward, and should not in this action be made to respond when not necessary to pay debts. As to the claim for board of Vooheries, it seems that the heirs who have this money concede that the claim of Vooheries was for necessaries, and to that extent the heirs receiving the money upon a proper state of pleading, may be compelled to pay, in the event the funds in the hands by the administrator are insufficient. Another objection to the judgment is that no claim is verified as the law requires. In this case it also appears that after the payment of this money by the guardian, the administrator, who was a creditor, filed his petition not only to settle the estate, but to establish his own

claim. He makes all the heirs and the guardian defendants to his action. The chancellor sees that the administrator is in direct antagonism to the rights of the heirs, and they being directly interested in the result of the litigation, he acted properly in overruling the demurrer to the answer. It does not appear that any objection was made to the defense by the heirs, for the reason they had made no affidavit as required by the amendment authorizing heirs and devisees to defend in certain cases, and if there had been, it can not have affected the right of the parties. The judgment is *reversed* and cause remanded with directions to sustain the exceptions to the claims of Sheckler, Armstrong, Dubois, Jenkins, Kirkland, Blanchard, Warner and Brown; these claims should not be allowed. The claimant, Voohries, should be allowed to verify his claim.

*James Harrison, for appellants.*

*Martin McKnight, William E. McAfee, George B. Eastin, for appellees.*